**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5714

DWAYNE ALLEN EVANS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-95-74)

Submitted: April 23, 1996

Decided: May 8, 1996

Before WIDENER and WILKINS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Deval L. Patrick, Assistant Attorney General, Dennis J. Dimsey, Seth M. Galanter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dwayne Allen Evans was sentenced to imprisonment of twelve months and one day following his guilty plea to deprivation of rights under color of law, 18 U.S.C.A. § 242 (West Supp. 1996). He contests the district court's application of a 2-level adjustment for restraint of victim. United States Sentencing Commission, Guidelines Manual § 3A1.3. (Nov. 1994). We affirm.

Evans was a Logan County police officer when he arrested Jonathan Wriston for drunk driving during the night of April 24-25, 1993. He handcuffed Wriston's hands behind his back and took him to the Logan County Jail. There Evans became angry because he believed that Wriston had spat in the police car. Evans punched Wriston in the ribs four or five times. Later, while Evans was doing the paper work for the arrest, he discovered that Wriston had given him a false identification card. He took Wriston out of his cell, again cuffed his hands behind his back, seated him in the booking area, and kicked him in the head. Evans decided that a second breathalyzer test should be performed under Wriston's real name. He and another police officer took Wriston upstairs in the elevator. While in the elevator, Evans asked Wriston, "Where do you want it, in the back of the head or the kidneys?" Evans then punched Wriston multiple times about the body. The beating injured Wriston, but not seriously. At no time did Wriston offer any resistance to Evans.

The district court adopted the probation officer's recommendation to apply USSG § 2H1.4(a)(2), which provides an offense level of 6 plus the offense level for any underlying offense, adding to that 6 levels from USSG § 2A2.3 (Minor Assault) and an adjustment for restraint of victim under USSG § 3A1.3, which provides for a 2-level

2

increase if "a victim was physically restrained in the course of the offense."**1**

On appeal, Evans argues that the adjustment did not apply because the handcuffing was incidental to a lawful arrest rather than an act committed in the course of the beatings. The adjustment does not apply where unlawful restraint of the victim is an element of the offense or where restraint is specifically incorporated into the offense guideline. USSG § 3A1.3, comment. (n.2). Neither of these exceptions applies in Evans's case.

Evans makes two related arguments: (1) that his offense occurred after he lawfully restrained Wriston and thus the restraint was not part of the offense, and (2) that the offense guideline incorporates the restraint factor, thus making the adjustment inapplicable.

First, Evans contends that the guideline only applies when a victim is restrained during an unlawful arrest. He relies on three cases. In United States v. Newman, 982 F.2d 665 (1st Cir. 1992), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3244 (U.S. Oct. 4, 1995) (No. 92-1703), an intoxicated prisoner who was handcuffed to the bars of his cell was beaten by a police officer. A restraint adjustment was not given and the issue was never raised. As a result, the case provides no guidance here.

In United States v. Epley, 52 F.3d 571, 583 (6th Cir. 1995), a restraint adjustment was applied where police officers conspired to make a false arrest of a victim who was handcuffed during the arrest. The applicable guideline was USSG § 2H1.1 (Conspiracy to Interfere with Civil Rights). While the specific right abridged was the right to be free of seizure without probable cause, id. at 576, the appeals court found that restraint was not an element of the offense and was not incorporated into the guideline. The court rejected the argument that the act of false arrest includes restraining the victim. Id. at 583. The unlawfulness of the arrest was not the dispositive factor, as Evans represents.

_____

**1** With a 2-level reduction for acceptance of responsibility, Evans's offense level was 12, he was in criminal history category I, and his guideline range was 10-16 months.

3

A restraint adjustment was also given in United States v. Tholl, 895 F.2d 1178, 1184-85 (7th Cir. 1990), in which the defendants posed as federal agents, "raided" a drug dealer's residence, pretended to arrest him, seized cash and drugs from him, and forced him to drive around with them to identify other drug houses. Tholl's underlying offense was impersonation of a federal agent. The applicable guideline, USSG § 2J1.4(b)(1), provides a 6-level increase "if the impersonation was committed for the purpose of conducting an unlawful arrest, detention, or search." However, the appeals court found that "an arrest . . . does not necessarily entail the sort of forcible physical restraint contemplated by section 1B1.1, Application Note 1(i)."[2] Id. at 1185. As in Epley, the unlawfulness of the arrest was not the deciding factor.

Restraint is not an element of an offense under 18 U.S.C.A. § 242. See Epley, 52 F.3d at 583. The right abridged was the right to be secure from the use of unreasonable force by one acting under color of law. The same offense could be committed against an unrestrained victim.

Second, Evans argues that the aggravating factor in his case was that an assault was committed by a police officer on a person in custody, which implies restraint, and that the addition of six levels to the offense level for minor assault accounted for that factor. However, restraint is not specifically taken into account in either USSG § 2H1.4 or 2A2.3. Id. Consequently, the district court correctly applied the adjustment.

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[2] Application Note 1 to § 3A1.3 states that the term "physically restrained" is defined in the commentary to § 1B1.1.

4